**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MISSOURI**
**EASTERN DIVISION**

| | | |
|---|---|---|
| ANTOINE REED, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 4:25-cv-01388-JAR |
| | ) | |
| BECKY FOX et al., | ) | |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM AND ORDER**

Antoine Reed, a self-represented prisoner at the Potosi Correctional Center in Mineral Point, Missouri, filed a civil rights complaint under 42 U.S.C. § 1983 (Doc. 1), a motion to appoint counsel (Doc. 2), a motion for leave to proceed *in forma pauperis* (Doc. 3), and a certified inmate account statement (Doc. 4). Reed names four defendants: Becky Fox (Nurse Administrator at Potosi Correctional Center); Tymber Taylor (Statewide Grievance Coordinator); Philip Tippen, M.D. (Medical Director); and Centurion Medical Company, the private contractor that provides medical services at Potosi Correctional Center. Reed sues the individual defendants in both their individual and official capacities. (Doc. 1 at 2, 4). For the reasons discussed below, the Court grants Reed's motion for leave to proceed *in forma pauperis*, allows one claim to proceed, and dismisses all remaining claims and defendants.

## I. Filing fee

Congress mandates that federal courts collect a filing fee from a party instituting any civil action, suit, or proceeding. 28 U.S.C. § 1914(a). Courts may waive prepayment of this fee for individuals who demonstrate an inability to pay. 28 U.S.C. § 1915(a)(1). When a court grants such a waiver, the plaintiff may proceed *in forma pauperis*.

To obtain *in forma pauperis* status, a prisoner litigant must file an affidavit demonstrating the inability to pay. 28 U.S.C. § 1915(a)(1). In addition to the standard *in forma pauperis* affidavit, a prisoner must provide a certified copy of his inmate account statement for the "6-month period immediately preceding the filing of the complaint." 28 U.S.C. § 1915(a)(2).

If the prisoner litigant lacks sufficient funds, the Court assesses an initial partial filing fee equal to 20 percent of the higher of the average monthly deposits or the average monthly balance in the prisoner litigant's account. 28 U.S.C. § 1915(b)(1). After that, the prisoner litigant must make monthly payments equal to 20 percent of his income until he pays the fee in full. 28 U.S.C. § 1915(b)(2). "The agency having custody of the prisoner shall forward payments from the prisoner's account to the clerk of the court each time the amount in the account exceeds $10 until the filing fees are paid." *Id.*

Reed filed a certified inmate account statement covering his transaction activity from May 26, 2025 through August 25, 2025. (Doc. 4). That account statement reflects an average monthly deposit of $156.16, and an average monthly balance of $68.51. Because the average monthly deposit exceeds the average monthly balance, the Court will assess an initial partial filing fee of $31.23, representing 20 percent of that figure.

## II. Legal standard

Under 28 U.S.C. §§ 1915(e)(2)(B) and 1915A, the Court must dismiss a prisoner's complaint that "is frivolous, malicious, or fails to state a claim upon which relief may be granted" or "seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(b).

To sufficiently state a claim for relief, a complaint must plead more than "legal conclusions" and "[t]hreadbare recitals of the elements of a cause of action [that are] supported by

mere conclusory statements." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the Court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678 (citing *Twombly*, 550 U.S. at 556).

The Court accepts a self-represented litigant's well-pleaded facts as true and liberally construes the complaint. *White v. Clark*, 750 F.2d 721, 722 (8th Cir. 1984) (per curiam); *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam); *Haines v. Kerner*, 404 U.S. 519, 520 (1972) (per curiam). A "liberal construction" means that, if the Court can discern "the essence of an allegation," the "[C]ourt should construe the complaint in a way that permits" the Court to consider the claim within the proper legal framework. *Solomon v. Petray*, 795 F.3d 777, 787 (8th Cir. 2015) (quoting *Stone v. Harry*, 364 F.3d 912, 914 (8th Cir. 2004)). Even so, self-represented plaintiffs must allege facts that, if true, state a claim for relief as a matter of law. *Martin v. Aubuchon*, 623 F.2d 1282, 1286 (8th Cir. 1980).

**III. Discussion**

Reed alleges that defendants acted with deliberate indifference to his serious medical needs in violation of the Eighth Amendment. The Court liberally construes the complaint to assert a § 1983 deliberate-indifference claim against each defendant.

Section 1983 provides a cause of action against persons who, acting under color of state law, deprive another of a right secured by the Constitution or laws of the United States. 42 U.S.C. § 1983; *see also West v. Atkins*, 487 U.S. 42, 48 (1988). The Eighth Amendment requires the government to provide medical care to incarcerated persons. *Estelle v. Gamble*, 429 U.S. 97, 102–03 (1976). A state cannot avoid its constitutional obligation to provide adequate medical treatment simply by contracting out prison medical care. *West*, 487 U.S. at 56. Because Missouri contracts

with Centurion to provide prison medical services, the Court assumes for purposes of this screening that Centurion and its employees acted under color of state law. *See id.* at 54–57.

To state an Eighth Amendment medical-care claim, a prisoner must allege facts showing (1) an objectively serious medical need and (2) that the defendant knew of and deliberately disregarded that need. *Roberts v. Kopel*, 917 F.3d 1039, 1042 (8th Cir. 2019). Deliberate indifference requires more than negligence or medical malpractice; it demands "grossly incompetent or inadequate care 'so inappropriate as to evidence intentional maltreatment or a refusal to provide essential care.'" *Redmond v. Kosinski*, 999 F.3d 1116, 1120 (8th Cir. 2021) (citation omitted).

**A. Individual-capacity claims**

**i. Fox**

Reed alleges that he declared a medical emergency on April 19, 2024, due to severe eye pain. (Doc. 1 at 5). Medical staff referred him to an optometrist, who transferred him to the Saint Louis University Emergency Room for evaluation. *Id.* The emergency room diagnosed Reed with glaucoma and referred him for implant surgery. *Id.* On May 5, 2024, Dr. Kristin Fink confirmed that emergency surgical treatment was necessary. *Id.* Over the following months, Reed's eyesight continued to worsen, and he filed an inmate complaint on October 19, 2024. *Id.* at 6. Fox denied that complaint on December 4, 2024. *Id.* Reed underwent glaucoma implant surgery at SLU on December 11, 2024. *Id.* After the surgery, Reed's eyesight deteriorated further, and Fox determined that Reed required no further medical treatment. *Id.* Reed filed a grievance on December 17, 2024, reporting that he had begun to go blind in his right eye. *Id.* He returned to SLU on February 7, 2025, and informed medical staff that he had lost eyesight in his right eye

since the surgery. *Id.* Reed alleges that he has gone blind in his right eye and continues to lose vision in his left. *Id.* at 7.

These allegations plausibly state a deliberate-indifference claim against Fox in her individual capacity. Reed alleges an objectively serious medical need—glaucoma requiring surgery and causing progressive blindness—and that Fox personally decided to discontinue his treatment despite his worsening condition. *See Roberts*, 917 F.3d at 1042. Liberally construed, these facts as alleged support a reasonable inference that Fox knew of and deliberately disregarded Reed's serious medical need. *See Iqbal*, 556 U.S. at 678. The Court therefore allows Reed's Eighth Amendment deliberate-indifference claim to proceed against Fox in her individual capacity.

**ii. Taylor and Tippen**

Reed alleges that Taylor, the Statewide Grievance Coordinator for the Missouri Department of Corrections, and Tippen, the Medical Director, denied his grievance appeal on July 24, 2025, stating that "no further action is needed at this time." (Doc. 1 at 6). The complaint attributes no other conduct to Taylor or Tippen. *See generally id.*

Section 1983 requires a causal link between each defendant's conduct and the alleged constitutional violation. *See White v. Jackson*, 865 F.3d 1064, 1081 (8th Cir. 2017). "[A] general responsibility for supervising the operations of a prison is insufficient to establish the personal involvement required to support liability." *Keeper v. King*, 130 F.3d 1309, 1314 (8th Cir. 1997) (citation omitted). Reed does not allege that Taylor or Tippen personally participated in any decision regarding his medical treatment or that either defendant bore personal responsibility for providing or withholding his care. *See generally* Doc. 1. The denial of a grievance appeal, without more, does not establish the personal involvement necessary to support liability under section

1983. *Lomholt v. Holder*, 287 F.3d 683, 684 (8th Cir. 2002) (per curiam). The Court therefore dismisses Reed's claims against Taylor and Tippen in their individual capacities.

**B. Centurion and official-capacity claims**

Section 1983 provides a cause of action against a private corporation acting under color of law when the corporation maintains an unconstitutional policy, custom, or action. *Smith v. Insley's Inc.*, 499 F.3d 875, 880 (8th Cir. 2007). But § 1983 does not impose vicarious liability on a corporation solely based on its employees' actions. *Sanders v. Sears, Roebuck & Co.*, 984 F.2d 972, 975–76 (8th Cir. 1993).

Reed names Centurion as a defendant and alleges that Centurion's medical staff discontinued his eye treatment. (Doc. 1 at 6–7). He does not allege that Centurion maintained an unconstitutional policy, custom, or practice. *See generally* Doc. 1. These allegations do not support a plausible inference that Centurion itself acted unconstitutionally. *See Sanders*, 984 F.2d at 975–76. The Court therefore dismisses Reed's claim against Centurion.

The Court also dismisses the official-capacity claims against all individual defendants. Courts treat official-capacity claims against an entity's employees as claims against the entity itself. *Hafer v. Melo*, 502 U.S. 21, 25 (1991). To the extent Fox and Tippen serve as Centurion employees, the official-capacity claims against them fail for the same reasons the claim against Centurion fails: Reed alleges no unconstitutional policy or custom. *See Sanders*, 984 F.2d at 975–76. As for Taylor, who serves as a state employee, neither a state nor its officials acting in their official capacities qualify as "persons" under § 1983. *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989). The Court therefore dismisses all official-capacity claims.

## IV. Appointment of counsel

Reed moves for appointment of counsel. (Doc. 2). In civil cases, a self-represented litigant does not have a "constitutional or statutory right to appointed counsel." *Ward v. Smith*, 721 F.3d 940, 942 (8th Cir. 2013) (per curiam) (citation omitted). A district court may appoint counsel "if convinced that an indigent plaintiff has stated a non-frivolous claim," *Patterson v. Kelley*, 902 F.3d 845, 850 (8th Cir. 2018) (citation omitted), "and where 'the nature of the litigation is such that plaintiff as well as the court will benefit from the assistance of counsel,'" *id.* (quoting *Johnson v. Williams*, 788 F.2d 1319, 1322 (8th Cir. 1986)).

The Court finds that the circumstances do not warrant appointment of counsel at this time. Although the Court has allowed one of Reed's claims to proceed, this case remains at an early stage, and the legal issues do not appear to be complex. The Court therefore denies, without prejudice, Reed's motion for appointment of counsel.

Accordingly,

**IT IS HEREBY ORDERED** that the Court **GRANTS** Reed's motion for leave to proceed *in forma pauperis* (Doc. 3) and assesses an initial partial filing fee of $31.23. Reed must pay that sum to the Clerk of Court within 30 days of the date of this order. Failure to pay the initial partial filing fee may result in dismissal of this action.

**IT IS FURTHER ORDERED** that the Clerk of Court shall issue process on Becky Fox in her individual capacity on Reed's Eighth Amendment deliberate-indifference claim.

**IT IS FURTHER ORDERED** that Reed's claims against Tymber Taylor, Philip Tippen, M.D., and Centurion Medical Company are **DISMISSED** without prejudice under 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b). Reed's official-capacity claims against all individual defendants are likewise **DISMISSED** without prejudice.

**IT IS FURTHER ORDERED** that Reed's motion for appointment of counsel (Doc. 2) is **DENIED** without prejudice.

A separate Order of Partial Dismissal accompanies this Memorandum and Order.

Dated this 18th day of September, 2026.

JOHN A. ROSS
UNITED STATES DISTRICT JUDGE